## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KEVIN P. MCCORMICK, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:18-cv-01530 |
| BANCO POPULAR NORTH AMERICA, OCWEN LOAN SERVICING, LLC, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANSUNION, LLC | JURY TRIAL DEMANDED |
| Defendants. | |

### COMPLAINT

**NOW COMES** Kevin P. McCormick ("Kevin") ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Banco Popular North America ("Banco Popular"), Ocwen Loan Servicing, LLC ("Ocwen"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion") (collectively, "Defendants") as follows:

#### NATURE OF THE ACTION

1.  Plaintiffs bring this action seeking redress for violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

#### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 et seq., 28 U.S.C. §§1331 and 1337, as this action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

4.   Plaintiff is natural person, a consumer, and is over the age of eighteen.

5.   Defendant Banco Popular North America is a community bank and a Member of the FDIC with its United States headquarters located at 85 Broad Street, New York, New York 10004. Banco Popular operates in the United States under the assumed name, "Popular Community Bank." Banco Popular North America is a furnisher of information to the major credit reporting agencies, including Equifax, Experian, and TransUnion.

6.   Defendant Ocwen Loan Servicing, LLC is a Florida corporation with its principal place of business in Florida. Ocwen is a creditor, lender, debt collector, and servicer of mortgage loans across the country, including the State of Illinois. Ocwen Loan Servicing, LLC is a furnisher of information to the three major credit reporting agencies, Equifax, Experian and TransUnion.

7.   Defendant Equifax is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

8.   Defendant Experian Information Solutions, Inc. is an Ohio corporation and is authorized to do business in the State of Illinois. Experian is in the business of compiling and maintaining files on consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity on a nationwide basis, including in the State of Illinois.

9.   Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is regularly engaged in the business of

assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

### BANKRUPTCY CASE

10. On May 29, 2015, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 15-19002 ("bankruptcy").

11. On May 29, 2015, Plaintiff filed a Chapter 13 Plan ("Plan"), which was confirmed on August 28, 2015.

12. On July 14, 2016, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts.

### *Banco Popular in the Bankruptcy Case*

13. Schedule D of the bankruptcy petition listed Banco Popular as the secured creditor for a claim in the amount of $48,282.00. This claim represented the second mortgage secured by property located at 2S670 White Birch Lane, Wheaton, Ill 60189 ("Banco Popular loan" or "Banco Popular account").

14. The Banco Popular loan was current as of the bankruptcy filing date.

15. The Plan called for Banco Popular loan payments to be made directly to Banco Popular in the monthly amount of $215.00.

16. At all times during the bankruptcy, Plaintiff made timely payments to Banco Popular.

17. On the date the Discharge Order was entered, the Banco Popular account was current.

### *Ocwen in the Bankruptcy Case*

18. Schedule D of the bankruptcy petition listed Ocwen Loan Servicing as the secured creditor for a claim in the amount of $147,025.00. This claim represented the first mortgage secured by property located at 1396 Bow String Court, Carol Stream, Illinois 60188 ("Ocwen loan" or "Ocwen account").

19. The Plan "Special Terms" set out Plaintiff's intention to surrender the real property located at 1396 Bow String Court, Carol Stream, Illinois to Ocwen and JPMorgan Chase, in full satisfaction of their claims.

20. Ocwen did not file a claim or appearance in Plaintiff's bankruptcy.

21. At some time, the Ocwen loan was transferred another lender; however, no other lender filed a claim or participated in Plaintiff's bankruptcy with respect to the Ocwen loan.

22. The Ocwen loan was discharged pursuant to the terms of the Order of Discharge entered on July 14, 2016.

23. Pursuant to 11 U.S.C. §524 and § 1328, Plaintiff's personal liability on the Ocwen loan was extinguished, thus terminating the business relationship with Ocwen and any of its successors and assigns.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EQUIFAX

### *Banco Popular Reporting to Equifax*

24. On or about August 12, 2016, Plaintiff pulled his Equifax credit report to make sure all creditors were reporting accurately. Plaintiff discovered that Equifax and Banco Popular were reporting the Banco loan with the following information:

   a. "Closed Account"
   b. Date of last payment: 05/2015
   c. Date Major Delinquency First Reported: 05/2015
   d. Date of First Delinquency: 05/2015

    e.   Current Status: Wage Earner Plan
    f.   Balance: $0
    g.   Comments: Bankruptcy Chapter 13, Bankruptcy Completed

25. The reporting of the Banco loan was inaccurate, incomplete, and misleading because the account was "open," payments were current and not delinquent, and the status of the account was current and paid as agreed.

26. Throughout the bankruptcy, Plaintiff timely made all Banco loan payments directly to Banco Popular.

### *Ocwen Reporting to Equifax*

27. In reviewing his August 12, 2016 Equifax credit report, Plaintiff discovered that Equifax and Ocwen were reporting the Ocwen loan with the following information:

    a.   Current Status: pays 31-60 days [late]
    b.   Scheduled Payment Amount: $1,425
    c.   Date of Last Activity: N/A

28. The reporting of the Ocwen loan was inaccurate, incomplete, and misleading because the property was surrendered through Plaintiff's Plan in full satisfaction of the Ocwen loan.

29. The Ocwen loan was a dischargeable debt and pursuant to 11 U.S.C. §524 and § 1328, Plaintiff's personal liability on the Ocwen loan was extinguished.

### a. Plaintiff's First Dispute Letter to Equifax

30. On August 16, 2016, Plaintiff sent a written credit dispute letter to Equifax requesting that his credit file be updated to accurately reflect the Banco Popular and Ocwen accounts (or "subject loans").

31. Plaintiff's dispute letter stated "I have reviewed my credit report and found trade lines reporting inaccurately. Please consider this letter as my dispute…Please update the subject credit

file(s) to reflect the discharged status of the debts as indicated on the attached schedules. Plaintiff

attached all relevant and supporting documents to his dispute letter to Equifax.

32. As to the Ocwen trade line, Plaintiff's dispute letter stated, in pertinent part:

   a. "Ocwen Loan Serv. 60328**** pay/current status 31-60 days, scheduled payment amount $1,425."
   b. "[This] account [was] included and discharged in my bankruptcy. It is my understanding that the Fair Credit Reporting Act and the Regulations implemented by the Federal Trade Commission under the Act requires you to report a balance, past due amount, and schedule payment amount of "0".
   c. "I am requesting you to activate the Automated Dispute Resolution System program with respect to this written notice."

35. As to the Banco Popular trade line, Plaintiff's dispute letter stated, in pertinent part:

   "…the following account(s) listed below were not included in my bankruptcy. These accounts were current and I never missed a payment. Please examine and [correct] the date of last payment, date major delinquency first reported, and date of first delinquency for the following: Banco Popular 41862102560****"

36. Plaintiff sent his dispute letter to Equifax via certified mail.

33. Upon information and belief, Ocwen and Banco Popular each received notice of Plaintiff's

dispute letter and all relevant information from Equifax within five days of Equifax receiving

Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

### b. Equifax's Failure to Correct Inaccurate Reporting in Plaintiff's Credit File

34. On October 13, 2016, Plaintiff pulled his 3-in-1 credit report to make sure Ocwen, Banco

Popular, and all other creditors were reporting accurately.

35. Plaintiff discovered that Equifax and Ocwen, despite Plaintiff's dispute, failed to report the

Ocwen account as disputed.

36. Plaintiff discovered that Equifax and Ocwen, despite Plaintiff's dispute, failed to report the

Ocwen account as discharged.

6

37. Plaintiff discovered that Equifax and Banco Popular, despite Plaintiff's dispute, continued to inaccurately report the Banco account as "closed," a balance amount of $0, "Wage Earner Plan" status, and "Bankruptcy Chapter 13."

38. Plaintiff also discovered that Equifax and Banco Popular, despite Plaintiff's dispute, failed to report the subject loan as disputed.

39. On November 9, 2017, Plaintiff pulled his Equifax credit report and discovered that Equifax and Ocwen were inaccurately reporting a scheduled payment amount of $1,425.

40. The reporting of the Ocwen loan is inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still responsible for and obligated to pay the monthly payment amount and may be personally liable for the Ocwen account when Plaintiff's personal liability on the Ocwen loan was extinguished upon the entry of the Bankruptcy Discharge Order.

41. Plaintiff discovered that Equifax and Ocwen, despite Plaintiff's dispute, again failed to report the Ocwen account as disputed.

42. Plaintiff also discovered that Equifax and Banco Popular continued to inaccurately report the account as "closed," with a "$0" balance, a date of last payment of May 1, 2015, date of first delinquency of May 1, 2015, and Bankruptcy chapter 13.

43. Plaintiff also discovered that Equifax and Banco Popular, despite Plaintiff's dispute, again failed to report the Banco account as disputed.

44. The reporting of the Banco Popular loan is inaccurate, incomplete, and creates a materially misleading impression that the account is closed, that the account has a $0 balance, that the loan was delinquent and as of May 1, 2015 and that Plaintiff has made no further payments since that date, that the loan was included in Plaintiff's bankruptcy and disposed of and closed as a result of Plaintiff's bankruptcy.

### c. Plaintiff's Second Dispute Letter to Equifax

45. On January 4, 2018, Plaintiff sent a second written credit dispute letter to Equifax requesting that his credit file be updated to accurately reflect the Banco Popular and Ocwen accounts.

46. With reference to the Ocwen account, Plaintiff's second dispute letter stated, in pertinent part:

> "I want you to investigate [] the above account and contact [Ocwen] to update [its] information. The balance, Monthly payment, payment status, and past due amounts and remarks are all wrong and needs to be updated to reflect a zero in the balance, a zero in the past due amount and a zero in the monthly payment. You should also correct and update the remarks and the payment status and correct the payment history. Pay status, Comments and The Max Delinquency should also be corrected. Please note that I don't owe them any money anymore and I am no longer liable for [this] account and I demand that my credit reports reflect that."

47. Plaintiff requested that Equifax send his dispute letter and the enclosures to Ocwen.

48. With reference to the Banco Popular account, Plaintiff's second dispute letter stated, in pertinent part:

> "I also wanted to dispute: Banco Popular account number 41862102560**** This account is current and in good standing and I never missed a payment please review the attached proof of payments and update the account history to reflect all payments made on this account and change the status to open and current.

49. Plaintiff sent his second dispute letter to Equifax via certified mail.

50. Upon information and belief, Ocwen and Banco Popular received notice of Plaintiff's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

### d. Equifax's Continued Failure to Correct Inaccurate Reporting in Plaintiff's Credit File

51. On February 16, 2018, Plaintiff pulled his 3-in-1 credit report to make sure Ocwen and Banco Popular were reporting accurately.

52. Plaintiff discovered that Equifax and Ocwen did not correct the Ocwen reporting. Instead, Plaintiff discovered that Ocwen trade line was removed from his Equifax report.

53. Plaintiff discovered that Equifax and Banco Popular continued to inaccurately report the account as "closed," with a "$0" balance, Balance date of 05/2015, account status of "Wage Earner Plan," and Bankruptcy chapter 13.

54. Plaintiff also discovered that Equifax and Banco Popular, despite Plaintiff's dispute, again failed to report the Banco account as disputed.

55. The reporting of the Banco Popular loan is inaccurate, incomplete, and creates a materially misleading impression that the account is closed; that it has a $0 balance as of May 2015; that Plaintiff has made no further payments since that date; that the loan was included in Plaintiff's bankruptcy and disposed of, and closed as a result of the bankruptcy.

CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EXPERIAN

56. As a result of pulling his Experian credit report in or about August 2016, Plaintiff discovered that Experian and Ocwen were not accurately reporting the Ocwen loan.

57. As a result of pulling his Experian credit report, Plaintiff also discovered that Experian and Banco Popular were not accurately reporting the Banco Popular loan.

**a. Plaintiff's First Dispute Letter to Experian**

58. On August 16, 2016, Plaintiff sent a written credit dispute letter to Experian requesting that his credit file be updated to accurately reflect the Banco Popular and Ocwen accounts.

59. Plaintiff's dispute letter stated "I have reviewed my credit report and found trade lines reporting inaccurately. Please consider this letter as my dispute…Please update the subject credit file(s) to reflect the discharged status of the debts as indicated on the attached schedules. Plaintiff attached all relevant and supporting documents to his dispute letter to Experian.

60. As to the Ocwen trade line, Plaintiff's dispute letter stated, in pertinent part:

    a. "Ocwen Loan Serv. 60328**** pay/current status 31-60 days, scheduled payment amount $1,425."

    b. "[This] account [was] included and discharged in my bankruptcy. It is my understanding that the Fair Credit Reporting Act and the Regulations implemented by the Federal Trade Commission under the Act requires you to report a balance, past due amount, and schedule payment amount of "0".

    c. "I am requesting you to activate the Automated Dispute Resolution System program with respect to this written notice."

37. As to the Banco Popular trade line, Plaintiff's dispute letter stated, in pertinent part:

"…the following account(s) listed below were not included in my bankruptcy. These accounts were current and I never missed a payment. Please examine and [correct] the date of last payment, date major delinquency first reported, and date of first delinquency for the following: Banco Popular 41862102560****"

38. Plaintiff sent his dispute letter to Experian via certified mail.

61. Upon information and belief, Ocwen and Banco Popular each received notice of Plaintiff's dispute letter and all relevant information from Experian within five days of Experian receiving Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

**b. Experian's Failure to Correct Inaccurate Reporting in Plaintiff's Credit File**

62. On October 13, 2016, Plaintiff pulled his 3-in-1 credit report to make sure Ocwen, Banco Popular, and all other creditors were reporting accurately.

63. Plaintiff discovered that Experian and Ocwen, despite Plaintiff's dispute, failed to report the Ocwen account as disputed.

64. Plaintiff discovered that Experian and Ocwen, despite Plaintiff's dispute, failed to report the Ocwen account as discharged.

65. Plaintiff discovered that Experian and Banco Popular, despite Plaintiff's dispute, continued to inaccurately report the Banco account as "closed," a past due amount of $924, and delinquencies: "05/2015=R7."

66. Plaintiff also discovered that Experian and Banco Popular, despite Plaintiff's dispute, failed to report the subject loan as disputed.

67. On November 8, 2017, Experian reported the Ocwen account as "disputed," stating that "this item was updated form our processing of your dispute in Aug 2016."

68. Experian also reported the Ocwen account status as "discharged through Bankruptcy Chapter 13."

69. On November 8, 2017, Experian reported the Banco Popular account as "disputed," stating that "this item was updated form our processing of your dispute in Sep 2016."

70. Plaintiff discovered that Banco Popular inaccurately reported the status of the account as "Petition for Chapter 13 Bankruptcy/Never late"; "$1,335 past due as of Oct 2017"; and date of status as "05/2015."

71. The reporting of the Banco Popular loan is inaccurate, incomplete, and creates a materially misleading impression that the account is delinquent as of October 2017 when, in fact, Plaintiff was current on all payments and the loan was included in the Chapter 13 bankruptcy.

### c.  Plaintiff's Second Dispute Letter to Experian

72. On January 4, 2018, Plaintiff sent a second written credit dispute letter to Experian requesting that his credit file be updated to accurately reflect the Banco Popular and Ocwen accounts.

73. With reference to the Ocwen account, Plaintiff's second dispute letter stated, in pertinent part:

> "I want you to investigate [] the above account and contact [Ocwen] to update [its] information. The balance, Monthly payment, payment status, and past due amounts and remarks are all wrong and needs to be updated to reflect a zero in the balance, a zero in the past due amount and a zero in the monthly payment. You should also correct and update the remarks and the payment status and correct the payment history. Pay status, Comments and The Max Delinquency should also be corrected.

11

> Please note that I don't owe them any money anymore and I am no longer liable for [this] account and I demand that my credit reports reflect that."

74. Plaintiff requested that Experian send his dispute letter and the enclosures to Ocwen.

75. With reference to the Banco Popular account, Plaintiff's second dispute letter stated, in pertinent part:

> "I also wanted to dispute: Banco Popular account number 41862102560**** This account is current and in good standing and I never missed a payment please review the attached proof of payments and update the account history to reflect all payments made on this account and change the status to open and current.

76. Plaintiff sent his second dispute letter to Experian via certified mail.

77. Upon information and belief, Ocwen and Banco Popular received notice of Plaintiff's dispute letter and all relevant information from Experian within five days of Equifax receiving Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

### d. Experian's Response to Plaintiff's Second Written Dispute Letter

78. On February 2, 2018, Experian responded to Plaintiff's second written dispute letter.

79. With respect to the Ocwen loan, Experian reported that the account was transferred, closed, with a status date of 06/2015.

80. With respect to the Banco Popular loan, Experian reported the status as "Petition for Chapter 13 bankruptcy"; "$1,828 past due as of Dec 2017"; a "credit limit or original amount of $48,500"; and a "high balance" and "recent balance" of "$49,320 as of Dec. 2017."

81. Experian reported that the Banco Popular loan was "updated from our processing of your dispute in Sep 2016."

### e. Experian's Failure to Correct Inaccurate Reporting in Plaintiff's Credit File

82. On February 16, 2018, Plaintiff pulled his 3-in-1 credit report to check the Ocwen and Banco Popular reporting.

83. Plaintiff discovered that Experian and Ocwen were reporting an account status of "late 30 days" and "delinquencies: 05/2015=M2."

84. Plaintiff discovered that Experian and Ocwen failed to report the account as "discharged."

85. Plaintiff further discovered that Experian and Ocwen, despite Plaintiff's disputes, again failed to report the Ocwen account as disputed.

86. Plaintiff discovered that Experian and Banco Popular inaccurately reported the account as "closed," with a "past due amount" of $1,862; delinquencies: 05/2015=R7; and "debt included in bankruptcy or less than the full balance."

87. Plaintiff also discovered that Experian and Banco Popular, despite Plaintiff's dispute, again failed to report the Banco account as disputed.

88. The reporting of the Banco Popular loan is inaccurate, incomplete, and creates a materially misleading impression that the account is delinquent with a past due amount of $1,862 when, in fact, Plaintiff was current on all payments and had no delinquencies.

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO TRANSUNION**

***Banco Popular Reporting to TransUnion***

89. On or about August 12, 2016, Plaintiff pulled his TransUnion credit report to make sure all creditors were reporting accurately. Plaintiff discovered that TransUnion and Banco Popular were reporting the Banco loan with the following information:

    a. "Adverse Account"
    b. Pay status: Account included in bankruptcy
    c. Balance: $0
    d. Comments: Bankruptcy Chapter 13

90. The reporting of the Banco loan was inaccurate, incomplete, and misleading because the account was current and not an "adverse account," the balance was not $0, and the account was not included in bankruptcy. The status of the account was current and paid as agreed.

13

91. Plaintiff had timely made all Banco loan payments directly to Banco Popular.

### *Ocwen Reporting to TransUnion*

92. In reviewing his August 12, 2016 TransUnion credit report, Plaintiff discovered that TransUnion and Ocwen were reporting the Ocwen loan with the following information:

   a. Pay status: >Account 30 days past due date
   b. Terms: $1,425 per month, paid monthly for 360 months

93. The reporting of the Ocwen loan was inaccurate, incomplete, and misleading because the property was surrendered through Plaintiff's Plan in full satisfaction of the Ocwen loan.

94. The Ocwen loan was a dischargeable debt and pursuant to 11 U.S.C. §524 and § 1328, Plaintiff's personal liability on the Ocwen loan was extinguished.

### a. Plaintiff's First Dispute Letter to TransUnion

95. On August 16, 2016, Plaintiff sent a written credit dispute letter to TransUnion requesting that his credit file be updated to accurately reflect the Banco Popular and Ocwen accounts.

96. Plaintiff's dispute letter stated "I have reviewed my credit report and found trade lines reporting inaccurately. Please consider this letter as my dispute…Please update the subject credit file(s) to reflect the discharged status of the debts as indicated on the attached schedules. Plaintiff attached all relevant and supporting documents to his dispute letter to TransUnion.

97. As to the Ocwen trade line, Plaintiff's dispute letter stated, in pertinent part:

   a. "Ocwen Loan Serv. 60328**** pay/current status 31-60 days, scheduled payment amount $1,425."
   b. "[This] account [was] included and discharged in my bankruptcy. It is my understanding that the Fair Credit Reporting Act and the Regulations implemented by the Federal Trade Commission under the Act requires you to report a balance, past due amount, and schedule payment amount of "0".
   c. "I am requesting you to activate the Automated Dispute Resolution System program with respect to this written notice."

39. As to the Banco Popular trade line, Plaintiff's dispute letter stated, in pertinent part:

"…the following account(s) listed below were not included in my bankruptcy. These accounts were current and I never missed a payment. Please examine and [correct] the date of last payment, date major delinquency first reported, and date of first delinquency for the following: Banco Popular 41862102560****"

40. Plaintiff sent his dispute letter to TransUnion via certified mail.

98. Upon information and belief, Ocwen and Banco Popular each received notice of Plaintiff's dispute letter and all relevant information from TransUnion within five days of TransUnion receiving Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

**b. TransUnion's Failure to Correct Inaccurate Reporting in Plaintiff's Credit File**

99. On October 13, 2016, Plaintiff pulled his 3-in-1 credit report to make sure Ocwen, Banco Popular, and all other creditors were reporting accurately.

100. Plaintiff discovered that TransUnion and Ocwen were reporting the account status as "Wage Earner Plan"; monthly payment of $1,425; and "Chapter 13 bankruptcy."

101. Plaintiff discovered that TransUnion and Ocwen, despite Plaintiff's dispute, failed to report the Ocwen account as disputed.

102. Plaintiff discovered that TransUnion and Ocwen, despite Plaintiff's dispute, failed to report the Ocwen account as discharged.

103. Plaintiff discovered that TransUnion and Banco Popular, despite Plaintiff's dispute, continued to inaccurately report the Banco account as "closed," a balance amount of $0, and "account closed by consumer."

104. Plaintiff also discovered that TransUnion and Banco Popular, despite Plaintiff's dispute, failed to report the subject loan as disputed.

### c. Plaintiff's Second Dispute Letter to TransUnion

105.  On January 4, 2018, Plaintiff sent a second written credit dispute letter to TransUnion requesting that his credit file be updated to accurately reflect the Banco Popular and Ocwen accounts.

106.  With reference to the Ocwen account, Plaintiff's second dispute letter stated, in pertinent part:

> "I want you to investigate [] the above account and contact [Ocwen] to update [its] information. The balance, Monthly payment, payment status, and past due amounts and remarks are all wrong and needs to be updated to reflect a zero in the balance, a zero in the past due amount and a zero in the monthly payment. You should also correct and update the remarks and the payment status and correct the payment history. Pay status, Comments and The Max Delinquency should also be corrected. Please note that I don't owe them any money anymore and I am no longer liable for [this] account and I demand that my credit reports reflect that."

107.  Plaintiff requested that TransUnion send his dispute letter and the enclosures to Ocwen.

108.  With reference to the Banco Popular account, Plaintiff's second dispute letter stated, in pertinent part:

> "I also wanted to dispute: Banco Popular account number 41862102560**** This account is current and in good standing and I never missed a payment please review the attached proof of payments and update the account history to reflect all payments made on this account and change the status to open and current.

109.  Plaintiff sent his second dispute letter to TransUnion via certified mail.

110.  Upon information and belief, Ocwen and Banco Popular received notice of Plaintiff's dispute letter and all relevant information from Equifax within five days of Equifax receiving Plaintiff's dispute letters. *See* 15 U.S.C. §1681i(a)(2).

### d. TransUnion's Continued Failure to Correct Inaccurate Reporting in Plaintiff's Credit File

111.  On February 16, 2018, Plaintiff pulled his 3-in-1 credit report to make sure Ocwen and Banco Popular were reporting accurately.

112. Plaintiff discovered that TransUnion and Ocwen were reporting an account status of "Wage Earner Plan" and "Chapter 13 bankruptcy."

113. Plaintiff discovered that TransUnion and Ocwen, despite Plaintiff's dispute, again failed to report the account as disputed.

114. Plaintiff discovered that TransUnion and Ocwen, despite Plaintiff's dispute, again failed to report the account as discharged.

115. Plaintiff discovered that TransUnion and Banco Popular continued to inaccurately report the account as a "closed account," balance amount of $0, balance date of 09/2013, and "account closed by consumer."

116. Plaintiff also discovered that TransUnion and Banco Popular, despite Plaintiff's dispute, again failed to report the Banco account as disputed.

117. The reporting of the Banco Popular loan is inaccurate, incomplete, and creates a materially misleading impression that the account is closed, that the account has a $0 balance as of September 2013 and that the account was closed by the Plaintiff.

### IMPACT OF CONTINUING
### INCORRECT INFORMATION IN PLAINTIFF'S CREDIT FILE

118. The reporting of the subject loan is inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still responsible for and obligated to pay the monthly payment amount. However, Plaintiff is no longer liable on the subject loan as it had previously been paid in full.

119. As of today, the erroneous reporting by Equifax, Experian, and TransUnion of the Banco Popular account continues to paint a false and damaging image of Plaintiff. Defendants have yet to update the Banco Popular account to accurately reflect Banco Popular loan account as "open," "current," "paid as agreed," with an accurate balance, and no delinquencies.

120. As of today, the erroneous reporting by Equifax, Experian, and TransUnion of the Ocwen account continues to paint a false and damaging image of Plaintiff. Defendants have yet to update the Ocwen account to accurately the account with a $0 balance, $0 payment, and discharged in bankruptcy.

121. The entire experience has imposed upon Plaintiff significant distrust, frustration, and distress.

122. The inaccurate and incomplete reporting of the Banco Popular loan continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that the account is closed (by the Plaintiff or other means), there is a past due amount owing, delinquencies reported, and the account is or was included in Plaintiff's bankruptcy.

123. The inaccurate and incomplete reporting of the Ocwen loan continues to have adverse effects on Plaintiff's credit rating because it creates a false impression that, although the loan was reportedly transferred to another lender, he is still obligated to pay on the subject loan.

124. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, monies paid each time he pulled his 3-in-1 credit report, the loss of credit opportunity, wasted time tracking the status of his disputes, certified mail expenses, and mental and emotional pain and suffering.

125. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the Banco Popular and Ocwen trade lines.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST BANCO POPULAR)

126. Plaintiff restates and re-alleges paragraphs 1 through 125 as though fully set forth herein.

127. Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

128. Banco Popular is a "person" as defined by 15 U.S.C. §1681a(b).

129. Banco Popular is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

130. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

131. Banco Popular violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, Experian, and TransUnion.

132. Banco Popular violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian, and TransUnion that was sent by Plaintiff in his detailed disputes pursuant to §1681i(a)(2).

133. Had Banco Popular reviewed the information provided by Equifax, Experian, and TransUnion, it would have corrected the inaccurate designation of the subject loans and transmitted the correct information to them. Instead, Banco Popular wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

134. Banco Popular violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes to Equifax, Experian, and TransUnion.

135. Banco Popular violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files. Instead, Banco Popular continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit file after receiving Plaintiff's detailed disputes.

136. Banco Popular failed to conduct a reasonable reinvestigation of its reporting of the subject loan or delete the inaccurate reporting from Plaintiff's credit files within 30 days of

receiving notice of Plaintiff's disputes from Equifax, Experian, and TransUnion under 15 U.S.C. §1681i(a)(1).

137. Banco Popular violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

138. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Banco Popular did not correct the errors or trade line to report accurately. Instead, Banco Popular wrongfully re-reported, furnished, and re-furnished false and erroneous information, after Plaintiff's disputes, to one or more third parties.

139. Moreover, Banco Popular failed to report the subject loans as disputed by Plaintiff.

140. Banco Popular's failure to report that Plaintiff disputed the accuracy of the trade line was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiffs. *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008); *see also Freedom v. CitiFinancial, LLC*, 2016 U.S. Dist. LEXIS 97533 (N.D. Ill. 2016).

141. A reasonable investigation by Banco Popular would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

142. Had Banco Popular taken steps to investigate Plaintiff's valid disputes or Equifax, Experian, and TransUnion's requests for investigation, it would have permanently corrected the erroneous credit reporting of the subject loan. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

143. By deviating from the standards established by the mortgage servicing industry and the FCRA, Banco Popular acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax, Experian, and TransUnion.

144. As pled in paragraphs 118 through 125 above, Plaintiff suffered damages as a result of Banco Popular's conduct.

**WHEREFORE**, Plaintiff, KEVIN P. MCCORMICK, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Banco Popular to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiffs actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiffs statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiffs punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST OCWEN)

145. Plaintiff restates and re-alleges paragraphs 1 through 143 as though fully set forth herein.

146. Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

147. Ocwen is a "person" as defined by 15 U.S.C. §1681a(b).

148. Ocwen is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

149.  At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

150.  Ocwen violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax, Experian, and TransUnion.

151.  Ocwen violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian, and TransUnion that was sent by Plaintiff in his  detailed disputes pursuant to §1681i(a)(2).

152.  Had Ocwen reviewed the information provided by Equifax, it would have corrected the inaccurate designation of the subject loan and transmitted the correct information to Equifax, Experian, and TransUnion.  Instead, Ocwen wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

153.  Ocwen violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes to Equifax, Experian, and TransUnion.

154.  Ocwen violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files. Instead, Ocwen continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit files after receiving Plaintiff's detailed disputes.

155.  Ocwen failed to conduct a reasonable reinvestigation of its reporting of the subject loans or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax under 15 U.S.C. §1681i(a)(1).

156. Ocwen violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

157. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Ocwen did not correct the errors or trade line to report accurately. Instead, Ocwen wrongfully re-reported, furnished, and re-furnished false and erroneous information, after Plaintiff's disputes, to one or more third parties.

158. Ocwen's failure to report that Plaintiff disputed the accuracy of the trade line was a failure to accurately update the information because it was "misleading in such a way and to such an extent that it [could] be expected to have an adverse effect" on Plaintiff. *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142 (4th Cir. 2008); *see also Freedom v. CitiFinancial, LLC*, 2016 U.S. Dist. LEXIS 97533 (N.D. Ill. 2016).

159. A reasonable investigation by Ocwen would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

160. Had Ocwen taken steps to investigate Plaintiff's valid disputes or Equifax, Experian, and TransUnion's request for investigation, it would have permanently corrected the erroneous credit reporting of the subject loans. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

161. By deviating from the standards established by the mortgage servicing industry and the FCRA, Ocwen acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

162. As pled in pargraphs 118 through 125 above, Plaintiff suffered damages as a result of Ocwen's conduct.

**WHEREFORE**, Plaintiff, KEVIN P. MCCORMICK, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Ocwen to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiffs actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiffs statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiffs punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

163. Plaintiff restates and re-alleges paragraphs 1 through 160 as though fully set forth herein.

164. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

165. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

166. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

167. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

168. Plaintiff provided Equifax with all relevant information in his requests for investigation and reinvestigation.

169. Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Banco Popular loan as a closed account, with a zero balance, a zero monthly payment amount, and with a status of "wage earner plan," when, in fact, the account was open and should be reporting a balance that is being "paid as agreed."

170. Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Ocwen loan with a scheduled payment amount of $1425 when, in fact, the Ocwen loan was discharged in Plaintiff's bankruptcy and should be reporting a zero scheduled payment amount.

171. Equifax failed to notate that the Ocwen account was discharged in bankruptcy.

172. Moreover, Equifax prepared an incomplete consumer report regarding Plaintiff by failing to completely and accurately notate that the subject loans were disputed in violation of 15 U.S.C. §1681c(f).

173. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to Plaintiff. Equifax prepared patently false, incomplete, and a materially misleading consumer reports concerning Plaintiff.

174. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit files.

175. Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that the Banco Popular account was open and that Plaintiff was current and paying as

agreed. Moreover, had it done so, Equifax would have determined that the Ocwen account was discharged and should have been reporting a scheduled payment amount of zero.

176. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Ocwen and Banco Popular. Upon information and belief, Equifax failed to include all relevant information as part of the notice to Ocwen and Banco Popular regarding Plaintiff's disputes.

177. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Banco Popular and Ocwen with regards to the subject loans.

178. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

179. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Banco Popular and Ocwen that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

180. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

181. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

182. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

183. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

184. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

185. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

186. As plead in paragraphs 118 through 125, Plaintiff suffered damages as a result of Equifax's conduct.

**WHEREFORE**, Plaintiff, KEVIN P. MCCORMICK, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Equifax to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

187. Plaintiff restates and re-alleges paragraphs 1 through 183 as though fully set forth herein.

188. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

189. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

190. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

191. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

192. Plaintiff provided Experian with all relevant information in his requests for investigation and reinvestigation.

193. Experian prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Banco Popular loan as a closed account, with past due amounts, and delinquencies, when, in fact, the account was open, current, and should be reporting "paid as agreed."

194. Experian prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Ocwen loan 30 days past due and with delinquencies, when, in fact, the Ocwen loan was discharged in Plaintiff's bankruptcy and should not be reporting past due and with delinquencies.

195. Also, in the October 2016 credit report, Experian failed to notate that the Ocwen account was discharged in bankruptcy.

196. Moreover, in October, 2016, and then again, in February, 2018, Experian prepared an incomplete consumer report regarding Plaintiff by failing to completely and accurately notate that the subject loans were disputed, in violation of 15 U.S.C. §1681c(f).

197.  Experian  violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to Plaintiff.  Experian prepared patently false, incomplete, and a materially misleading consumer reports concerning Plaintiff.

198.  Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit files.

199.  Had Experian taken any steps to investigate Plaintiff's valid disputes, it would have determined that the Banco Popular account was open and that Plaintiff was current and paying as agreed.  Moreover, had it done so, Experian would have determined that the Ocwen account was discharged (as to the October, 2016 credit report) and not 30 days late (as to the February, 2018 credit report).

200. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Ocwen and Banco Popular. Upon information and belief, Experian failed to include all relevant information as part of the notice to Ocwen and Banco Popular regarding Plaintiff's disputes.

201. Experian  violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Banco Popular and Ocwen with regards to the subject loans.

202. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

203. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Banco Popular and Ocwen that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

204. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

205. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

206. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duties to report accurate and complete consumer credit information.

207. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

208. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

209. Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

210. As pled in paragraphs 118 to 125 above, Plaintiff suffered damages as a result of Experian's conduct.

**WHEREFORE**, Plaintiff, KEVIN P. MCCORMICK, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Experian to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c.   Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.   Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.   Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g.   Award any other relief as this Honorable Court deems just and appropriate.

## COUNT V - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST TRANSUNION)

211.   Plaintiff restates and re-alleges paragraphs 1 through 206 as though fully set forth herein.

212.   TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

213.   TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

214.   At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

215.   If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

216.   Plaintiff provided TransUnion with all relevant information in his requests for investigation and reinvestigation.

217.   TransUnion prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Banco Popular loan as "closed by consumer,"

and with a zero balance, when, in fact, the account was open, current, and should be reporting "paid as agreed."

218.  TransUnion prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the Ocwen account with a monthly payment amount of $1,425 in October 2016, and then with a status of "wage earner plan" in February, 2018 when, in fact, the Ocwen loan was discharged in Plaintiff's bankruptcy and should not be reporting a scheduled payment amount or that the loan is part of any wage earner plan.

219.  Also, in the October 2016 credit report, TransUnion failed to notate that the Ocwen account was discharged in bankruptcy.

220.  Moreover, in October, 2016, and then again, in February, 2018, TransUnion prepared an incomplete consumer report regarding Plaintiff by failing to completely and accurately notate that the subject loans were disputed, in violation of 15 U.S.C. §1681c(f).

221.  TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to Plaintiff. TransUnion prepared patently false, incomplete, and a materially misleading consumer reports concerning Plaintiff.

222.  TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit files.

223.  Had TransUnion taken any steps to investigate Plaintiff's valid disputes, it would have determined that the Banco Popular account was open and that Plaintiff was current, had an existing balance, and was paying as agreed.  Moreover, had it done so, TransUnion would have determined

that the Ocwen account was discharged (as to the October, 2016 credit report) and should not be reporting a status of "wage earner plan" (as to the February, 2018 credit report).

224. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's disputes to Ocwen and Banco Popular. Upon information and belief, TransUnion failed to include all relevant information as part of the notice to Ocwen and Banco Popular regarding Plaintiff's disputes.

225. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Banco Popular and Ocwen with regards to the subject loans.

226. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

227. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Banco Popular and Ocwen that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

228. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

229. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

230. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with reckless disregard for its duties to report accurate and complete consumer credit information.

231. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

232. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

233. TransUnion's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

234. As pled in paragraphs 118 through 125 above, Plaintiff suffered damages as a result of TransUnion's conduct.

**WHEREFORE**, Plaintiff, KEVIN P. MCCORMICK, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing TransUnion to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and

g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demand a trial by jury.**

Dated: February 28, 2018            Respectfully Submitted,

/s/ Majdi Y. Hijazin

Majdi Y. Hijazin, *Of Counsel*
Counsel for Plaintiffs
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
mhijazin@hijazinlaw.com